**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| MESA BANK, an Arizona corporation,, | ) | No. 09-12-PHX-GMS |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| CINCINNATI INSURANCE COMPANY, an Ohio corporation, | ) | |
| Defendant. | ) | |

In response to the Court's previous order (Dkt. 20), the parties have filed a revised stipulation (Dkt. # 22) in which they agree to withdraw the Defendant's Motion To Dismiss For Lack of Standing and/or In the Alternative Motion to Dismiss, Stay or Transfer (Dkt. # 14), but request that the Court grant the Motion to Seal Documents (Dkt. # 11) filed in support of the Motion to Dismiss For Lack of Standing.

The Motion To Seal Documents requests that Exhibits 1-9 to the Affidavit of Elizabeth S. Carley be filed under seal. Those documents are currently lodged at docket number thirteen in this action. In light of the parties' withdrawal of the Motion To Dismiss, the Court grants the Motion to Seal the documents currently lodged at docket number thirteen. Nevertheless, the grant of this motion will not prevent the necessity of Defendant renewing its Motion to Seal Documents should the Defendant feel the need to renew a motion with this court, or should Defendant or Plaintiff otherwise file motions that rely on

1 documents that are the subject of a confidentiality agreement between the Defendant and 2 third parties to this action. That Confidentiality agreement alone will not be a sufficient basis 3 on which to seek to file the documents under seal. Ninth Circuit law restricts the 4 circumstances under which documents in the Court's file may be sealed.

5 Two standards are relevant. "First, a 'compelling reasons' standard applies to [the 6 sealing of] most judicial records." *Pintos v. Pac. Creditors Ass'n*, 504 F.3d 792, 801 (9th 7 Cir. 2007) (citing *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 8 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135-36 (9th Cir. 2003)). 9 "This standard derives from the common law right 'to inspect and copy public records and 10 documents, including judicial records and documents.' To limit this common law right of 11 access, a party seeking to seal judicial records must show that 'compelling reasons supported 12 by specific factual findings outweigh the general history of access and the public policies 13 favoring disclosure.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178) (alteration and internal 14 citations omitted).

15 The second standard applies to discovery materials. "'Private materials unearthed 16 during discovery' are not part of the judicial record." *Id.* (quoting *Kamakana*, 447 F.3d at 17 1180) (alteration omitted). The "good cause" standard set forth in Rule 26(c) of the Federal 18 Rules of Civil Procedure applies to orders rendering this category of documents confidential. 19 *See id.*; *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1103 (9th Cir. 1999) 20 ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order 21 to the contrary, presumptively public. Rule 26(c) authorizes a district court to override this 22 presumption where 'good cause' is shown.") (citations omitted).

23 The good cause standard also applies to the sealed filing of documents attached to 24 non-dispositive motions because those documents are often "'unrelated, or only tangentially 25 related, to the underlying cause of action.'" *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1213 (9th 26 Cir. 2002); *see Pintos*, 504 F.3d at 802. Documents attached to dispositive motions such as 27 motions for summary judgment or a motion to dismiss, however, are governed by the

28

compelling reasons standard. *See San Jose Mercury News*, 187 F.3d at 1102; *Foltz*, 331 F.3d at 1136. Therefore,

**IT IS HEREBY ORDERED** granting the parties' Stipulation to Withdraw (Dkt. # 22) without prejudice Defendant's Motion To Dismiss For Lack of Standing and/or In the Alternative Motion to Stay or Transfer (Dkt. # 14).

**IT IS FURTHER ORDERED** granting the Motion to File Under Seal (Dkt. # 11), as to Exhibits 1-9 of the Affidavit of Elizabeth S. Carley only, and directing the Clerk of the Court to file **under seal** the lodged proposed exhibits (Dkt. # 13). The granting of this motion does not preclude the need for the parties to obtain further leave of the Court to file any documents under seal in compliance with Ninth Circuit law should either party renew or file additional motions in this case.

**IT IS FURTHER ORDERED** staying this action pending further order of this Court.

**IT IS FURTHER ORDERED** that the parties shall file a Joint Status Report with the Court on **May 4, 2009**, and thereafter every ninety **(90) days**, advising the Court of the status of the ruling by the United States District Court for the Western District of Michigan on that Court's ruling on: (1) Joint Motion of Defendants Mesa Bank and Capital Bancorp, Ltd. To Dismiss for Lack of Personal Jurisdiction and Improper Venue Re: Defendant Mesa Bank; (2) Joint Motion of Defendants Mesa Bank and Capital Bancorp, Ltd. To Dismiss Pursuant to this Court's Discretionary Declaratory Judgment Jurisdiction; and (3) In the Alternative, Joint Motion of Defendants Mesa Bank and Capitol Bancorp, Ltd. To Transfer Venue to the District Court of Arizona for the Convenience of the Parties and the Interests of Justice, that have been filed in that Court.

DATED this 2nd day of February, 2009.

G. Murray Snow
United States District Judge